O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN KINCAID,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A. successor by merger with Wells Fargo Bank Southwest, N.A., fka Wachovia Mortgage, FSB, fka Worlds Savings Bank, FSB,<br><br>　　　　Defendants.<br>_____ | Case No. CV 14-03988 DDP (JCx)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR (1) EXTENSION OF STATE ISSUED TEMPORARY RESTRAINING ORDER AND DENYING (2) SETTING OF HEARING ON ORDER TO SHOW CAUSE ON ISSUANCE OF PRELIMINARY INJUNCTION**<br><br>[Dkt. No. 9] |

　　Before the court is Plaintiff Joan Kincaid's Ex Parte Application for (1) Extension of State Court Issued Temporary Restraining Order and (2) Setting of Hearing on Order to Show Cause on Issuance of Preliminary Injunction. (Dkt. No. 9.) Defendant Defendant Wells Fargo Bank, N.A. ("Wells Fargo") opposes the motion. (Dkt. No. 12.) Having considered the parties' submissions, the court denies the motion for the following reasons:

　　In this action, which Plaintiff originally filed in Los Angeles Superior Court on May 12, 2014, Plaintiff seeks to prevent Wells Fargo from carrying out a trustee sale of real property

located at 43 Navy St., Venice, California 90291(the "Property"). (Complaint at 4.) On May 12, 2014, the state court issued a Temporary Restraining Order ("TRO") barring Wells Fargo from taking adverse action relative to the Property pending a hearing set for June 3, 2014. (Plaintiff's Request for Judicial Notice, Ex. 1.) Wells Fargo removed the action to this court on May 23, 2014. The TRO automatically dissolved on June 6, 2014 (14 days after removal). Fed.R.Civ.P. 65(b)(2); Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 433 (1974).

As the state court TRO has dissolved, the court construes Plaintiff's Application as a request for the issuance of a TRO. Such relief is not warranted on the facts before the court. Plaintiff has offered no basis for her contention that a TRO should issue (or be extended) other than to recite the fact that a TRO was issued by a state court. In particular, she makes no attempt to argue that the factors this court must weigh in considering the issuance of a TRO or preliminary injunction support her request. See Winter v. Natural Res. Defense Counsel, 555 U.S. 7, 20 (2008); Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Nor does there appear to be any basis for finding that relief is necessary to avoid irreparable injury. Although the trustee's sale was apparently originally scheduled for June 12, 2014, Wells Fargo has represented to Plaintiff and to this court that the trustee's sale will not occur prior to July 2, 2014. (Notice of Removal at 13 and fn. 2; Declaration of Andrew Wheaton in Support of Opposition ¶¶ 4-5 and Ex. A.) In the absence of further substantive arguments by Plaintiff and in light of Wells Fargo's representation that it has delayed taking adverse action

relative to the Property, there is not sufficient justification for issuance of a TRO or an OSC for a preliminary injunction.

If Plaintiff continues to believe that a TRO and preliminary injunction are necessary, she should file the appropriate motion supporting her position with arguments under the relevant standard.

Accordingly, Plaintiff's Ex Parte Application is DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 10, 2014

DEAN D. PREGERSON
United States District Judge